**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*<br><br>          Plaintiffs,<br><br>     v.<br><br>DAVID BERNHARDT, in his official capacity as Secretary of the United States Department of the Interior, *et al.*,<br><br>          Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:20-cv-00165-TNM |

**STIPULATED SETTLEMENT AGREEMENT**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Center for Biological Diversity, Humane Society International, Humane Society of the United States, Born Free USA, and Natural Resources Defense Council, Inc. (collectively, "Plaintiffs") and Defendants David Bernhardt, in his official capacity as Secretary of the United States Department of the Interior, and the United States Fish and Wildlife Service ("Service") (collectively, "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, on July 15, 2015, the Center for Biological Diversity, Humane Society International, Humane Society of the United States, Born Free USA, and the International Fund for Animal Welfare submitted a petition pursuant to Section 4(a) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(a), ("4(a) petition") requesting that the Service list seven pangolin species (Chinese pangolin (*Manis pentadactyla*); Sunda pangolin (*Manis javanica*); Philippine pangolin (*Manis culionensis*); Indian pangolin (*Manis crassicaudata*); Tree pangolin (*Manis tricuspis*); Giant ground pangolin (*Manis gigantea*); and Long-tailed

pangolin (*Manis tetradactyla*)) ("seven pangolin species") as threatened species or endangered species;

WHEREAS, on July 15, 2015, the Center for Biological Diversity, Humane Society International, Humane Society of the United States, Born Free USA, and the International Fund for Animal Welfare submitted a petition requesting that the Service issue a rule pursuant to Section 4(e) of the ESA, 16 U.S.C. § 1533(e), ("4(e) petition") to treat the seven pangolin species as endangered species based on their similarity of appearance to the ESA listed Temminck's ground pangolin (*Manis temminckii*);

WHEREAS, in accordance with 16 U.S.C. § 1533(b)(3)(A), the Service issued a "90-day finding" in response to the 4(a) petition, in which the Service concluded that the petition presented substantial information indicating that listing the seven pangolin species under the ESA "may be warranted," *see* 81 Fed. Reg. 14,058 (Mar. 16, 2016);

WHEREAS, Plaintiffs sent a letter to Defendants dated November 13, 2019 stating their intent to file suit to compel the Service to complete a "12-month finding" on the 4(a) petition to list the seven pangolin species and to compel a response to their 4(e) petition;

WHEREAS, on January 10, 2020, the Service responded to Plaintiffs' November 13, 2019 letter;

WHEREAS, on January 22, 2020, Plaintiffs filed a complaint in the above-captioned action to compel the Service to complete these actions identified above by dates certain, *see* Docket ("Dkt.") 1 ("Complaint");

WHEREAS, Plaintiffs and Defendants (collectively, "the parties"), by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement that they consider

to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1.     On or before June 1, 2021, the Service shall with respect to each of the seven pangolin species either:

      a.   submit to the Office of the Federal Register a proposed, interim, or final rule under ESA Section 4(e), 16 U.S.C. § 1533(e), with regard to that species; or

      b.   provide Plaintiffs a letter explaining why it is denying the 4(e) petition to list that species due to similarity of appearance in whole or in part.

One letter or Federal Register document may address multiple species.

2.     If the Service issues a proposed or interim rule under Paragraph 1.a. above, the Service shall, on or before March 1, 2022, submit to the Office of the Federal Register a final rule, affirmation of interim rule as final rule, or notice of withdrawal along with explanation with respect to each of the seven pangolin species. One Federal Register document may address multiple species.

3.     On or before June 1, 2025, the Service shall review the status of the seven pangolin species and submit to the Office of the Federal Register a determination as to whether the listing of the seven species as threatened or endangered is:  (a) not warranted; (b) warranted; or (c) warranted but precluded by other pending proposals, pursuant to 16 U.S.C. § 1533(b)(3)(B).

4.     The order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties

and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in Paragraphs 1-3, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim.  The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.  If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

5.      In the event that Defendants fail to meet a deadline specified in Paragraphs 1-3 and have not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above.  This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

6.      This Agreement requires only that the Service take the actions specified in Paragraphs 1-3.  No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determination required herein.  To challenge any final determination issued in accordance with this Agreement, Plaintiffs will be required to file a separate action, and Defendants reserve the right to raise any applicable claims or defenses in response thereto.

7.      Without waiving any defenses or making any admissions, Defendants agree to pay Plaintiffs $16,000.00 in attorneys' fees and costs.  Plaintiffs agrees to accept the $16,000.00 from Defendants in full satisfaction of any and all claims, demands, rights, and causes of action for any and all attorneys' fees and costs Plaintiffs reasonably incurred in connection with the above captioned litigation through the signing of this Agreement.

8.      Plaintiffs agree to furnish Defendants with the information necessary to effectuate the $16,000.00 payment set forth by Paragraph 7.  Payment will be made to the Center for Biological Diversity by electronic funds transfer.  Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award within fifteen (15) days from receipt of the necessary information from Plaintiffs or from approval of this Agreement by the Court, whichever is later.  Defendants do not waive any right to contest fees and costs claimed by Plaintiffs or Plaintiffs' counsel in any future litigation or continuation of the present action.

9.      No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting.  No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making determinations regarding the listing of (pursuant either to 16 U.S.C. § 1533(a) or 16 U.S.C. § 1533(e)) or designation of critical habitat for any species.

10.     Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party.  Except as expressly provided in this Agreement, the parties do not waive or relinquish any legal rights, claims, or defenses they may have.  This Agreement is executed for the purpose of settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

5

11.     Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

12.     The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims disputed by the parties.  By entering into this Agreement, the parties do not waive any legal rights, claims, or defenses, except as expressly stated herein.  This Agreement contains all of the terms of agreement between the parties concerning Plaintiffs' Complaint and is intended to be the final and sole agreement between the parties with respect thereto.  The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

13.     The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein.  Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

14.     The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

15.     Upon approval of this Agreement by the Court, all counts of Plaintiffs' complaint shall be dismissed with prejudice.  Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated:  August 14, 2020

Respectfully submitted,

*/s/ Sarah Uhlemann*
SARAH UHLEMANN
Center for Biological Diversity
2400 80th Street NW, #146
Seattle, WA 98117
Tel: (206) 327-2344
E-mail: suhlemann@biologicaldiversity.org

*/s/ Nicholas Arrivo*
NICHOLAS ARRIVO
Humane Society of the United States
1255 23rd Street NW, Suite 450
Washington, DC 20037
Tel: (202) 676-2339
E-mail: narrivo@humanesociety.org

*Attorneys for Plaintiffs Center for Biological Diversity, Humane Society International, Humane Society of the United States, and Born Free USA*

*/s/ Stephen Zak Smith*
STEPHEN ZAK SMITH
Natural Resources Defense Council
317 E Mendenhall St., Suite D
Bozeman, MT 59715
Tel: (406) 556-9305
E-mail: zsmith@nrdc.org

*Attorney for Plaintiff Natural Resources Defense Council, Inc.*

JEAN E. WILLIAMS
Deputy Assistant Attorney General
SETH M. BARSKY
Section Chief
MEREDITH L. FLAX
Assistant Section Chief

*/s/ Briena L. Strippoli*
BRIENA L. STRIPPOLI
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 598-0412
Fax: (202) 305-0275
E-mail: briena.strippoli@usdoj.gov

*Attorneys for Defendants*

7

**IT IS SO ORDERED.**


**Dated: _____**          **Signed By: _____**

                                      **Hon. Trevor N. McFadden**

                                      **United States District Court**

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, I electronically filed the foregoing Stipulated Settlement Agreement with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

/s/  *Briena L. Strippoli*

BRIENA L. STRIPPOLI
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0339
Fax: (202) 305-0275
E-mail: briena.strippoli@usdoj.gov

*Attorney for Defendants*